## HARGIS v. SWOPE, Judge, et al.
### No. 950.

District Court, E. D. Kentucky, at Jackson.
Nov. 4, 1938.

A. H. Hargis, of Jackson, Ky., for plaintiff.

E. C. Hyden, of Jackson, Ky., for defendants Joanna E. Hargis and others.

FORD, District Judge.

On January 8, 1938, the Circuit Court of Fayette County adjudged that Joanna E. Hargis and others had valid and enforceable liens upon four tracts of land owned by A. H. Hargis to secure certain debts owing to them respectively, and ordered advertisement and public sale of the lands for the purpose of satisfying the liens adjudged against it and the court costs.

By this action the plaintiff, A. H. Hargis, seeks an injunction to restrain the officers of the Fayette Circuit Court from advertising or selling any of his property alleging, as the basis for the relief sought, that upon his voluntary petition in bankruptcy filed in this Court on May 16, 1933, he was duly adjudged a bankrupt; that Joanna E. Hargis and the other creditors in whose favor the Fayette Circuit Court adjudged liens against his land were duly listed and their debts

scheduled in his bankruptcy proceeding, and that on April 9, 1935, a discharge in bankruptcy was duly granted to him by the Court by an order made and entered in the proceedings, the effect of which is to preclude enforcement of these claims against him or the subjection of his property to their satisfaction. He further alleges that by proper pleading in the action in the Fayette Circuit Court he set up the fact that he was duly granted and held a certified copy of his discharge in bankruptcy and asserted the same as a bar to the claims against him, but notwithstanding his plea in bar the order of sale was entered.

Joanna E. Hargis and other interested creditors were permitted to intervene and they filed herein their answer and counterclaim denying that the plaintiff was granted a discharge in bankruptcy by the Court on April 9, 1935, or that any order discharging him from his debts was made or entered in the bankruptcy proceedings, but they say that upon his petition for discharge a hearing was held before the Judge of the Court at Lexington, Kentucky, on May 1, 1935, and upon the consideration of the petition for discharge and certain objections made thereto, his petition for discharge was denied by the court, and that the paper purporting to be a certified copy of an order of discharge was delivered to the plaintiff by mistake or inadvertence of the Clerk, and hence is not effective to obstruct the creditors in the enforcement of their judgment liens against his property or for any other purpose. They pray that the plaintiff be required to surrender the certificate and that it be declared null and void.

By an amended answer, Joanna E. Hargis, the divorced wife of plaintiff, asserts that the lien adjudged to her by the Fayette Circuit Court upon the land of the plaintiff is for alimony adjudged her by that court and that the plaintiff's discharge in bankruptcy, even if valid, is not effective as against her claim.

The plaintiff filed and introduced in evidence a copy of an order of discharge dated April 9, 1935, bearing the seal of the Court and duly certified over the signature of S. W. Stacey, Clerk, by Ada M. Smith, Deputy Clerk. The defendants introduced in evidence the record in this Court of the bankruptcy proceedings of A. H. Hargis, No. 267. The record shows that on May 16, 1934, A. H. Hargis

duly filed his voluntary petition in bankruptcy accompanied by schedules listing numerous creditors but no assets of any character, and shows that on the same date he was duly adjudged a bankrupt; that on February 11, 1935, a petition for discharge was filed by the bankrupt, and on February 27, 1935, a hearing on the petition was ordered to be held before the Court at Covington, Kentucky, on April 9, 1935, notice of which was given to the creditors. It further appears from the bankruptcy record that on April 9, 1935, the day set for the hearing of the petition for discharge, various creditors filed objections to the granting of the discharge, specifying among other things as grounds for their objection, that, at a time subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy, the bankrupt concealed, transferred and covered up a large amount of property with intent to hinder, delay and defraud his creditors. It shows that a hearing upon the application was held before the Judge at Lexington, Kentucky, on May 1, 1935, and on that date the following order was entered:

"This matter being submitted on petition of the bankrupt for discharge and objections thereto, the parties agreed that testimony taken before the Referee may be used in this hearing.

"The court having considered said petition for discharge, objections thereto, and testimony taken thereon, and having heard oral arguments of counsel, is of the opinion that the objections are well taken.

"It is therefore ordered that the petition for discharge be and the same is now hereby denied."

Nothing appears upon the Clerk's docket or among any of the papers in the record to indicate that a discharge was granted on April 9, 1935, or at any other time.

The General Orders in Bankruptcy provide that a creditor may file his specifications in opposition to an application for discharge "on the day when the creditors are required to show cause". General Order in Bankruptcy 32, as amended April 17, 1933, 11 U.S.C.A. following section 53.

It appears from the testimony of S. W. Stacey, who was Clerk of the Court in 1935, that the term of court held in Covington in April of that year was the first term held by the present Judge under his appointment as successor to Judge

Cochran, and, due to the long delay in filling the vacancy caused by the death of Judge Cochran, there was considerable accumulation of work of a routine nature. In order to avoid confusion and delay, before the Court convened on the day set for the hearing, April 9, 1935, he procured the Judge to sign a number of routine orders, among which was a form of order of discharge in the Hargis case, which he mailed to the Clerk's office at Jackson, Kentucky, where the case was docketed. After mailing the order on April 9th, he received at the Covington office through the mail the objections by the creditors which are found in the record, and then attempted to procure from the post office the letter which he had mailed to Jackson containing the order of discharge, but was unable to do so. As soon as he could reach the Deputy Clerk at Jackson by telephone he directed her not to enter the order of discharge on the docket for the reason that objections had been filed by the creditors. However, before receiving the call from the Clerk, the Deputy at Jackson had delivered a certified copy of the order to Mr. Hargis. The Deputy promptly requested Mr. Hargis to return the certified copy, but he failed to do so. The hearing on the objections to the discharge was duly held at Lexington before the Court on May 1, 1935. Mr. Hargis and his attorneys were present at the hearing in Lexington and participated in the trial without disclosing to the Court or the creditors that he held a certified copy of an order of discharge or asserting any claim whatever that a discharge had previously been granted him. The matter was heard upon the merits of the application for discharge and the objections filed by the creditors and neither the bankrupt nor his attorneys raised any question, so far as the record discloses, as to the timely filing of the objections or as to the propriety of hearing and disposing of the matter at that time upon the merits. The discharge was denied. The bankruptcy record shows that thereafter on February 8, 1936, the bankrupt, A. H. Hargis, filed the following motion:

"Comes now the bankrupt Alexander Hamilton Hargis, and moves the Honorable H. Church Ford, Judge of the Eastern District of Kentucky, to set aside the order entered herein denying him a discharge in bankruptcy held in Lexington, Kentucky on the first day of May 1935 and to reinstate the discharge granted to this bankrupt, on April 9th, 1935, which discharge was recommended by Hon. W. E. Faulkner, Referee in bankruptcy for the Eastern District of Kentucky with residence at Hazard, Kentucky who heard the proof and read the record in said proceeding, which is numbered #257 in this court.

"The bankrupt wants to be heard on this motion.

"Wherefore, he prays the judgment of the Court on this, his motion."

No action was ever taken on this motion.

The plaintiff contends that the certificate which was delivered to him by the Clerk is conclusive evidence of the fact that the order of discharge was duly made and entered, and in support of that contention he cites and relies upon Section 5119 of the Revised Statutes of the United States, which contains the following provision: "The certificate shall be conclusive evidence in favor of such bankrupt of the fact and the regularity of such discharge."

This ancient statute was Section 34 of the Bankruptcy Act of 1867, 14 Stat. 533, all of which was repealed by an Act of Congress of June 7, 1878 (20 Stat. 99).

The pertinent section of the Bankruptcy Act of 1898, section 21f, 11 U.S.C.A. § 44(f), omits the word "conclusive" and merely provides that a certified copy of an order granting a discharge "shall be evidence of the jurisdiction of the court, the regularity of the proceedings, and of the fact that the order was made." Under this statute, a certified copy is only evidential of the fact "that the order was made". It is sufficient to make out a prima facie showing of the fact that the order was made and to shift the burden of proof, but the bankruptcy record or other countervailing evidence may be sufficient to overcome it. Kreitlein v. Ferger, 238 U.S. 21, 27, 35 S.Ct. 685, 59 L.Ed. 1184.

No valid or effective order granting the application for discharge could have been made before the time set for receiving objections (General Order 32), and if objections were timely filed, no valid or effective order granting the discharge could have been made until after the hearing prescribed by Section 14 of the Bankruptcy Act, 11 U.S.C.A. § 32, which provides

that before granting a discharge "the judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application".

The record in the bankruptcy proceeding shows that the objections by creditors to the granting of the discharge were timely filed on April 9, 1935, but no hearing was held until May 1, 1935.

Hence, the paper, in the form of an order of discharge, to which the Clerk prematurely procured the Judge's signature before the convening of Court on April 9, 1935, and which was never entered upon the Clerk's docket, as required by the General Orders in Bankruptcy, General Order No. 1, 11 U.S.C.A. following section 53, cannot be regarded as the rendition or entry of a judgment of the Court upon the application. Its effect was nothing more than to serve as a memorandum or direction to the Clerk as to the entry to be thereafter made, if no objections should be timely filed. 34 C.J. p. 55, § 183(3).

The evidence convincingly shows that the petition for discharge filed by the plaintiff in his bankruptcy proceedings was not granted but was denied by the court, and that the certified copy of an order of discharge which was delivered to him, and upon which he relies, is erroneous and was issued by mistake of the Clerk.

Aside from these considerations, it is shown by the evidence that the claim of Joanna E. Hargis against the plaintiff, the enforcement of which he seeks to prevent, is a claim for alimony adjudged her by the Fayette Circuit Court. Under the provisions of the Bankruptcy Act § 17, 11 U.S.C.A. § 35, a discharge in bankruptcy would not be effective to release the bankrupt "for alimony due or to become due".

Findings of fact and conclusions of law in conformity herewith will be filed and a decree will be entered denying the relief herein sought by the plaintiff, dismissing his petition and adjudging that the paper referred to in the record purporting to be a copy of an order of discharge in bankruptcy was delivered to the plaintiff by mistake or inadvertence of the Clerk and, hence, is void and ineffective for any purpose.